1  POMERANTZ LLP
2  Jennifer Pafiti (SBN 282790)
3  1100 Glendon Avenue, 15th Floor
   Los Angeles, CA 90024
4  Telephone: (310) 405-7190
   jpafiti@pomlaw.com
5
6  *Attorney for Movant James F. Schmidt*
   [Additional counsel on signature page]
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

10 | SERGIO GROBLER, Individually and | Case No. 2:20-cv-03047-PA-MRW
11 | on behalf of all others similarly |
   | situated, | MEMORANDUM OF POINTS AND
12 | | AUTHORITIES OF JAMES F.
13 |                     Plaintiff, | SCHMIDT AND SERGIO GROBLER
   | | IN RESPONSE TO DEFENDANTS'
14 |         v. | OBJECTION TO STIPULATION FOR
   | | CONSOLIDATION, APPOINTMENT
15 | | AS LEAD PLAINTIFF, AND
   | GOLDEN STAR RESOURCES LTD. *ET* | APPROVAL OF COUNSEL
16 | *AL.*, |
17 | | DATE:  June 29, 2020
   |                     Defendants. | TIME:  1:30 p.m.
18 | | JUDGE:  Percy Anderson
19 | | CTRM:  9A, 9th Floor
20 |
21 | JAMES F. SCHMIDT, |
   | Individually and on behalf of all others | Case No. 2:20-cv-04701-PA-MRW
22 | similarly situated, |
23 | |
   |                     Plaintiff, |
24 | |
25 |         v. |
26 | |
   | GOLDEN STAR RESOURCES LTD., *ET* |
27 | *AL.* |
28 | |
   |                     Defendants. |

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO OBJECTION TO STIPULATION

## PRELIMINARY STATEMENT

On June 10, 2020, Lead Plaintiff movants Schmidt and Grobler[1] filed a stipulation providing for consolidation of the Related Actions and appointment of Schmidt and Grobler as Co-Lead Plaintiffs.  Dkt. No. 31.  On June 15, 2020, the Defendants filed an Objection to the Co-Lead Stipulation, on the purported "grounds that it contravenes the [PSLRA]" and "request[ing] leave to submit a memorandum of law in support of this objection on or before June 24, 2020."  Dkt. No. 34.  Schmidt and Grobler, in turn, filed a response noting, in relevant part, that Defendants lack standing to challenge the appointment of lead plaintiffs pursuant to the PSLRA, but respectfully requesting that if the Court were to grant Defendants' request to submit a memorandum of law, then Schmidt and Grobler be permitted to file a responsive memorandum of law.  *See* Dkt. No. 35.  On June 17, 2020, before entry of any Order from the Court addressing Defendants' request for briefing, Defendants nevertheless filed a memorandum of law in support of their Objection to the Co-Lead Stipulation.  Schmidt and Grobler hereby respectfully submit this memorandum of law in response to Defendants' Objection.

## ARGUMENT

### 1. Defendants Lack Standing to Oppose the Appointment of Lead Plaintiffs

As a threshold matter, the Court should disregard Defendants' Objection for the simple reason that Defendants lack standing to oppose the appointment of Lead Plaintiffs

---

[1] Unless otherwise specified herein, capitalized terms are defined in Schmidt and Grobler's Co-Lead Stipulation or Response to Defendants' Objection.  *See* Dkt. Nos. 31, 35.

pursuant to the PSLRA. *See, e.g., Bell v. Ascendant Solutions, Inc.*, No. 3:01-CV-0166-P, 2002 U.S. Dist. LEXIS 6850, at *7 (N.D. Tex. Apr. 17, 2002) ("[T]he majority of courts—and this court—have concluded that a defendant does not have standing to object.") (collecting cases). The reasons are obvious: Because "the defendant[] prefer[s] not to be successfully sued by anyone," permitting defendants to "determin[e] whether the 'representative parties will fairly and adequately protect the interests of the class' . . . is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981) (quoting Fed. R. Civ. P. 23(a)(4)). *See also Abelson v. Strong*, No. 85-0592-S, MDL No. 584, 1987 U.S. Dist. LEXIS 7515, at *6 (D. Mass. July 30, 1987) ("There is an irony inherent in defendants' attempts to protect absent class members when their real hope is to deny plaintiffs any recovery.") (citing *In re Diasonics Sec. Litig.*, 599 S. Supp. 447, 450-51 (N.D. Cal. 1984)). Accordingly, the PSLRA provides, and courts have consistently held, that "[o]nly putative class members—and ***not defendants***—may challenge the appointment of lead plaintiffs and counsel." *In re Baan Co. Secs. Litig.*, 271 F. Supp. 2d 3, 8 n.5 (D.D.C. 2002) (emphasis added) (citing *In re Cendant Corp. Litigation*, 265 F.3d 201, 268 (3d Cir. 2001)).

Here, Defendants' motives are transparent. As discussed *infra* at Sections 2.a. and 2.b., the appointment of Co-Lead Plaintiffs and Co-Lead Counsel confers numerous benefits to the class, including, *inter alia*, shared resources, experience and expertise, as well as continuity and stability in the event that a single lead plaintiff subsequently needs

to withdraw as a class representative.  In opposing the Co-Lead Stipulation, Defendants seek to deny these benefits to the Class.  Schmidt and Grobler respectfully submit that this is precisely why neither the PSLRA nor federal jurisprudence provides *any* opportunity for Defendants to challenge the appointment of Lead Plaintiffs at this stage.

## 2. Defendants' Objection Lacks Merit

Even assuming, *arguendo*, that Defendants actually had standing to oppose the appointment of Schmidt and Grobler as Co-Lead Plaintiffs in this matter, their objection is in any event without merit.  Defendants erroneously assert that endorsing Schmidt and Grobler's Co-Lead Stipulation "would be contrary to the selection process set forth in the PSLRA and would undermine the statute's purpose."  Dkt. No. 36 at 5.  Most courts, however, have concluded otherwise, for the reasons set forth below.

### a. Appointment of Co-Lead Plaintiffs Will Benefit the Class

The PSLRA expressly permits the appointment of groups of investors as Co-Lead Plaintiffs, and the Supreme Court recently endorsed the propriety of appointing co-lead plaintiff groups in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) (finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups").  Indeed, courts nationwide have recognized the myriad benefits that appointment of such groups provide to the class.  *See*, *e.g.*, *Lang v. Tower Group Int'l, Ltd.*, No. 13-CV-5852, 2014 U.S. Dist. LEXIS 86496, at *13-14 (S.D.N.Y. June 17, 2014) ("A co-lead structure can 'have the salutary effect of providing greater stability in the prosecution of [the litigation] should a decision be reached at some later stage in the litigation that either co-lead plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO OBJECTION TO STIPULATION

will not adequately represent the class.'") (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *Dolan v. Axis Capital Holdings Ltd.*, No. 04-CV-8564, 2005 U.S. Dist. LEXIS 6538, at *15-16 (S.D.N.Y. Apr. 13, 2005) (co-lead plaintiffs "will be able to pool financial resources, knowledge, and experiences, and may also reap the 'benefits of joint decision-making' when pressed with difficult choices") (quoting *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 419); *In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) ("[A]dditional representation may benefit the class and provide flexibility, if needed, in the future."); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-CV-0152, 2000 U.S. Dist. LEXIS 5481, at *11 (D.N.J. Apr. 24, 2000) (appointing two competing movants as co-lead plaintiffs "since each may bring a unique perspective to the litigation"); *Johnson v. Pozen*, No. 07-CV-0599, 2008 U.S. Dist. LEXIS 12004, at *6-7 (M.D.N.C. Feb. 15, 2008) (appointing co-lead plaintiffs where doing so "ensure[d] that a broader range of shareholder interests will be represented").  The Supreme Court recently

Here, Schmidt and Grobler constitute precisely the sort of group appointment which courts have found to benefit the class.  Collectively, Schmidt and Grobler incurred thousands of dollars in losses in connection with the fraud alleged in this litigation, giving the group a significant stake in the outcome of this litigation that will ensure its vigorous prosecution. *See Dolan*, 2005 U.S. Dist. LEXIS 6538, at *15-16.  The appointment of two investors will also give the class the benefit of "pool[ed] financial resources, knowledge and experiences." *Id*.  Likewise, the appointment of a group virtually ensures flexibility,

continuity, and stability in the leadership of this Action, because even in the event one of

the Co-Lead Plaintiffs subsequently finds himself unable to serve as a class representative,

the other Co-Lead Plaintiff will likely be able to remain in his role.  *See*, *e.g.*, *Lucent*

*Techs.*, 221 F. Supp. 2d at 483; *Lang*, 2014 U.S. Dist. LEXIS 86496, at *13-14.

### b.  Approval of Two Firms as Co-Lead Counsel Will Benefit the Class

Courts have likewise recognized the benefits of approving more than one firm as

co-lead counsel in PSLRA actions.  *See*, *e.g.*, *In re Oxford Health Plans, Inc. Secs. Litig.*,

182 F.R.D. 42, 46 (S.D.N.Y. 1998) (appointing leadership structure consisting of multiple

law firms, finding "such a structure will allow for pooling, not only of knowledge and

experience, but also of the resources of the plaintiffs' counsel in order to support what

could prove to be a costly and time-consuming litigation"); *In re Tyco Int'l, Ltd. Secs.*

*Litig.*, No. 00-MD-1335, 2000 U.S. Dist. LEXIS 13390, at *35-36 (D.N.H. Aug. 17, 2000)

(coordinated prosecution of action by multiple law firms "may provide the purported class

with the benefits of combined resources or expertise, which may be especially valuable in

a complex case").

Here, as their respective firm resumes reflect, Pomerantz and Rosen Law each have

significant experience litigating securities class actions.  *See* Dkt. Nos. 24-4, 28-4.

Appointing the two firms as Co-Lead Counsel will permit Pomerantz and Rosen Law to

pool their resources and experience to the benefit of the putative Class.  In addition, given

their experience, the firms will be able to establish a cohesive leadership structure that will

enable them to quickly make tactical decisions and assign tasks to the best-suited

attorneys.  This will ensure that this litigation is prosecuted expeditiously and efficiently, with no duplication of effort or fees.

Indeed, Pomerantz and Rosen Law, working together as Co-Lead Counsel in other actions, have achieved numerous multi-million dollar recoveries for investors.  *See Koopman v. Fiat Chrysler Automobiles N.V.*, 15-cv-7199-JMF (S.D.N.Y.) ($110 million settlement); *Thomas v. Magnachip Semiconductor Corp.*, 14-cv-1160-JST (N.D. Cal.) ($30 million settlement); *Menaldi v. Och-Ziff Capital Management Group LLC*, 14-cv-3251-JPO (S.D.N.Y.) ($28.75 million settlement); *Thorpe v. Walter Investment Management*, 14-cv-20880-UU (S.D. Fla.) ($24 million settlement).  As a result of these prior collaborations, the attorneys employed at Pomerantz and Rosen Law have developed deep and productive working relationships, which would further benefit the Class in this litigation.

### c.  Courts Routinely Endorse Post-Motion Co-Leadership Stipulations

Finally, courts routinely endorse co-leadership stipulations proposed after the statutory deadline by previously competing lead plaintiff movants.  *See*, *e.g.*, *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 568, 570 (D.N.J. 2006) (holding that "two movants, each of whom filed a motion and certification within the sixty-day deadline" could "unite after the expiration of the sixty-day period" and appointing co-lead plaintiff group represented by two firms as co-lead counsel); *In re Xinhua Finance Media, Ltd. Sec. Litig.*, No. 07-CV-3994, slip op. at 2-3 (S.D.N.Y. Aug. 22, 2007) (endorsing stipulation appointing lead plaintiff and lead counsel) (citation omitted); *In re UBS AG Sec. Litig.*,

No. 07-CV-11225, slip op. (S.D.N.Y. Mar. 6, 2008) (same); *Bellingham v. Qudian Inc.*, No. 20-CV-577 (S.D.N.Y. Jan. 22, 2020), Dkt. No. 34; (same); *Ortiz v. Canopy Growth Corporation*, No. 19-CV-20543 (D.N.J. Nov. 20, 2019), Dkt. No. 27 (same).

Here, Schmidt and Grobler both timely filed their motions. *See* Dkt. Nos. 22, 26. Movants respectfully submit that approving their co-lead stipulation, thereby amicably resolving their competing motions—the only such motions before the Court—would facilitate the expeditious prosecution of this action, thereby preserving the resources of the parties, their counsel, and the Court, and would likewise be in the best interests of the Class.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Co-Lead Stipulation (Dkt. No. 32), Schmidt and Grobler respectfully request that the Court enter an Order endorsing  the Co-Lead Stipulation, thereby appointing Schmidt and Grobler as Co-Lead Plaintiffs and approving their selections of Pomerantz and Rosen Law as Co-Lead Counsel for the Class.

Dated:  June 25, 2020                              POMERANTZ LLP

                                                  */s/ Jennifer Pafiti*
                                                  Jennifer Pafiti (SBN 282790)
                                                  1100 Glendon Avenue, 15th Floor
                                                  Los Angeles, CA 90024
                                                  Telephone: (310) 405-7190
                                                  jpafiti@pomlaw.com

                                                  *Counsel for Movant James F. Schmidt and*
                                                  *Proposed Co-Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO OBJECTION TO STIPULATION

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant Sergio Grobler and*
*Proposed Co-Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO OBJECTION TO STIPULATION

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti